NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>DANIEL ASA HITESMAN,<br><br>Defendant-Appellant. | No.    16-10487<br><br>D.C. No.<br>5:14-cr-00010-LHK-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted August 14, 2020[**]
San Francisco, California

Before:  HAWKINS and CHRISTEN, Circuit Judges, and GRITZNER,[***] District Judge.

In 2016, Daniel Hitesman was tried and convicted of a July 2013 attempted

bank robbery in violation of 18 U.S.C. § 2113(a), and sentenced to a 192-month

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

term of imprisonment and a 3-year term of supervised release. He appeals the district court's denial of his motion to suppress historical cell-site location information (CSLI), which the Government obtained in September 2013 through a court order issued pursuant to the Stored Communications Act (SCA), 18 U.S.C. § 2703(d). We have jurisdiction under 28 U.S.C. § 1291 and, on de novo review, *United States v. Barnes*, 895 F.3d 1194, 1199 (9th Cir. 2018), we affirm.

In 2018, more than five years after the Government secured the order in this case that authorized the release of the CSLI pursuant to the SCA, the Supreme Court ruled the acquisition of historical CSLI constitutes a search within the meaning of the Fourth Amendment. *United States v. Carpenter*, 138 S. Ct. 2206, 2221 (2018). However, this court has since held that "CSLI acquired pre-*Carpenter* is admissible — so long as the Government satisfied the SCA's then-lawful requirements — under *Krull*'s good-faith exception." *United States v. Korte*, 918 F.3d 750, 759 (9th Cir. 2019) (applying *Illinois v. Krull*, 480 U.S. 340, 342 (1987)). "The statute explicitly authorized retrieval of these records by court order if the Government 'offer[ed] specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation' — a more lenient standard than probable cause." *Id.* at 758 (quoting 18 U.S.C. § 2703(d)).

Here, the Government's warrantless acquisition of Hitesman's CSLI meets

2

*Krull*'s good-faith exception. The Government satisfied the SCA's requirements by providing "specific and articulable facts" in its application for Hitesman's CSLI—namely the date and location of the robbery, the distribution of security camera photographs of the suspect, an employee at the half-way house where Hitesman lived subsequently identifying the suspect as Hitesman, the subject phone number belonging to Hitesman at the time of robbery, and Hitesman's prior bank robbery convictions. *See id.* Thus, the district court's denial of Hitesman's motion to suppress was proper. *See id.* at 758–59 ("[I]t is hardly objectively unreasonable to rely on a then-lawful statute when courts were upholding it or similar legislative schemes. . . . Several other circuits have already invoked this good-faith exception when presented with similar facts." (citing *Krull*, 480 U.S. 358–59)).

**AFFIRMED.**